54 F.3d 780
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Kevin B. STREETE, Defendant-Appellant.
 No. 94-3538.
 United States Court of Appeals, Seventh Circuit.
 Argued April 19, 1995.
Decided, May 11, 1995.
 
 1
 Before POSNER, Chief Judge, FLAUM, Circuit Judge, and JOHN C. SHABAZ, District Judge.*
 
 ORDER
 PROCEDURAL HISTORY
 
 2
 Defendant Kevin Streete was sentenced to 72 months in prison on September 7, 1991. He filed a habeas corpus petition alleging that his trial counsel was ineffective for failing to perfect a direct appeal of his sentence. His petition was denied by the district court. This Court remanded the case in Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994), directing the district court to determine whether Streete timely instructed his counsel that appellate review was desired. The district court determined that Streete had in fact timely requested an appeal and issued an order on October 6, 1994 from which Streete appeals. Jurisdiction of this direct appeal is based on 18 U.S.C. Sec.3742(a)(2), alleging incorrect application of the sentencing guidelines.
 
 FACTS
 
 3
 After pleading guilty to conspiracy to manufacture methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in a quantity of greater than 100 grams, defendant Kevin Streete was sentenced on September 7, 1991 along with co-defendants Harold Howell and Woodrow Berry. The district court relied upon the criminal history and sentencing guidelines range calculated by the probation office in the presentence report for defendant Streete. The sentencing guideline range was 135 to 165 months based on the defendant's Category II criminal history. This criminal history was computed by the probation office including Streete's prior Arkansas felony conviction for breaking and entering.
 
 
 4
 The district court departed downward from the guideline range and sentenced defendant Streete to 72 months. Howell was sentenced to 60 months and Berry to 72 months.
 
 MEMORANDUM
 
 5
 Streete argues on appeal that an expunged state conviction was improperly used in calculating his sentencing guideline range and that the district court relied upon the incorrect range in determining his sentence. To determine whether defendant's state conviction has been expunged within the meaning of USSG Sec.4A1.2(j) this Court must examine the Arkansas expungement law as well as the sentencing guidelines. See United States v. Stowe, 989 F.2d 261, 263 (7th Cir. 1993).
 
 
 6
 The United States Sentencing Guidelines Sec.4A1.2(j) states as follows:
 
 
 7
 Sentences for expunged convictions are not counted, but may be considered under Sec.4A1.3 (Adequacy of Criminal History Category).
 
 
 8
 The commentary application notes, Note 10, provides:
 
 
 9
 Convictions Set Aside or Defendant Pardoned. A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. Sec. 4A1.2(j).
 
 
 10
 The Sentencing guidelines provide that expunged convictions are not calculated in the defendant's criminal history. Convictions which are excluded from the criminal history category are those in which the defendant was subsequently found innocent or which involved legal error. United States v. McDonald, 991 F.2d 866 (D.C. Cir. 1993).
 
 
 11
 Defendant was sentenced for breaking and entering under the Arkansas Alternative Service Act. AR ST Sec. 16-93-502. Expunge is defined in the statute in pertinent part as follows: "and further signifying that the defendant was completely exonerated of any criminal purpose and that the disposition shall not affect any civil rights or liberties of the defendant". AR ST Sec. 16-93-502(7)(A).
 
 
 12
 The Arkansas courts have concluded that an expungement under the Arkansas Alternative Services Act does not exempt the offender from responsibility for that offense under the habitual criminal laws. Gosnell v. Arkansas, 681 S.W.2d 385, 386 (Ark. 1984). The Court stated that the Act:
 
 
 13
 [I]s the type to encourage the offender's progress toward rehabilitation. That is, a reformed convict should be encouraged to apply for a job, to assert civil rights, as by registering to vote or running for office, and to discharge a good citizen's duty to appear as a witness without fear of unnecessary embarrassment. But there is no reason either to encourage him to commit another crime or to believe that the legislature intended to do so.
 
 
 14
 Id., at p. 387.
 
 
 15
 As interpreted by the Arkansas court, the Arkansas Alternative Services Act does not provide that a conviction imposed under the Act is expunged based upon innocence or legal error but, rather, for the purpose of removing the stigma associated with the criminal conviction and restoring civil rights. Expungement under this statute is a setting aside as defined in USSG Sec.4A1.2 comment, note 10. A conviction set aside under the Arkansas statute is to be counted in calculating the defendant's criminal history according to the Sentencing Guidelines Sec.4A1.2(j).
 
 CONCLUSION
 
 16
 Defendant's Arkansas conviction is not expunged within the meaning of USSG Sec. 4A1.2(j). The district court correctly calculated defendant's criminal history and sentencing guideline range. Accordingly, the defendant's sentence is AFFIRMED.
 
 
 
 *
 The Honorable John C. Shabaz, of the Western District of Wisconsin, is sitting by designation