**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

CURTIS A. HINES, SR.,

       Defendant-Appellant.

No. 96-3134

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-CR-10064-WB)

---

Kurt J. Shernuk, Assistant United States Attorney, Kansas City, Kansas, (Jackie N. Williams, United States Attorney, Montie R. Deer, Assistant United States Attorney, with him on the briefs), Wichita, Kansas, for Plaintiff-Appellee.

Cyd Gilman, Assistant Federal Public Defender, Wichita, Kansas, for Defendant-Appellant.

---

Before **BRORBY, BRISCOE,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

Appellant Curtis A. Hines pleaded guilty to two counts of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of unlawful uttering and/or possessing a counterfeit security with intent to deceive in violation of 18 U.S.C. § 513(a), and one count of making a false or fraudulent claim against the United States Treasury in violation of 18 U.S.C. § 287. Hines appeals his sentence, claiming that his 1988 battery conviction from Sebastian County, Arkansas was expunged and thus should not have been counted as a prior felony conviction increasing the applicable base offense level[1] and criminal history category under the United States Sentencing Guidelines ("U.S.S.G."). This court exercises jurisdiction pursuant to 28 U.S.C. § 1291, and upon *de novo* review affirms. *See United States v. Carney*, 106 F.3d 315, 317 (10th Cir. 1997) ("We review the district court's . . . legal application of the sentencing guidelines *de novo*.").

## I. BACKGROUND

In 1988, Hines was convicted of battery and sentenced pursuant to § 16-93-507(b)(4) of Arkansas' Alternative Service Act. *See* Ark. Code Ann. § 16-93-507(b)(4) (Michie 1987) (repealed 1993).[2] Under that Act, Hines was entitled to

---

[1] The district court counted Hines' 1988 battery conviction as a prior felony conviction for a crime of violence, thus increasing Hines' base offense level for the firearms charge from 14 to 20. *See* U.S.S.G. § 2K2.1(a)(4)(A), (6).

[2] This opinion cites the statutory provisions of the Arkansas Alternative Service Act in effect at the time Hines was sentenced for his battery conviction.

have his conviction "expunged" upon completion of the sentence imposed. *See* Ark. Code Ann. § 16-93-510(a) (Michie 1987 & Supp. 1988) ("Upon the completion of sentence or probation imposed under [the Alternative Service Act], . . . the director, in the case of a person sentenced under § 16-93-507(b)(4) or (5), shall direct that the record of the eligible offender be *expunged* of the offense of which the eligible offender was convicted . . . ." (emphasis added)) (repealed 1993). Hines was incarcerated for a period of approximately three months and was on parole for an additional period of approximately twenty months. After completing the sentence imposed for his battery conviction, Hines was thus statutorily entitled to have his conviction expunged and the Arkansas Post Prison Transfer Board accordingly issued an Order to Seal his record on December 8, 1995.

Hines appeals the sentence he received for his current offenses, claiming that the district court erroneously counted his sealed 1988 conviction as a prior felony conviction under the Sentencing Guidelines. U.S.S.G. § 4A1.2(j) provides that "expunged convictions" are not counted in computing a defendant's criminal history category. Relying on § 4A1.2(j), the Presentence Investigation Report ("PSR") concluded that the 1988 conviction should not be counted for purposes of

---

The Alternative Service Act was repealed, effective January 1, 1994. *See* 1993 Ark. Acts 531 and 548.

calculating Hines' base offense level and criminal history category because the Order to Seal was evidence that Hines' prior conviction was "expunged" under Arkansas law. After the prosecution objected to this recommendation, the United States Probation Office reiterated and explained its conclusions in an Addendum to the PSR:

> Arkansas statute treats offenses which have received an "Order to Seal" as if the defendant was completely exonerated and the offense never occurred. The defendant provided a copy of a document entitled "Order to Seal" which referenced his 1988 battery conviction. Contact was made with the Sebastian County Superior Court Clerk's Office which verified the validity of the document. In addition, it was verified that the clerk's office is treating the case as an expungement. This officer was referred to the Sebastian County Court Administrator, Denora Coomer, regarding the legal effect of an Order to Seal. Ms. Coomer confirmed that an Order to Seal is what results from an expunged criminal conviction. Further verification of Ms. Coomer's statements were found in Arkansas statute 16-93-502(7)(A). [*See* Ark. Code Ann. § 16-93-502(7)(A) (Michie 1987) (defining "expunge") (repealed 1993).] At the time the defendant applied to have his conviction expunged, it appears he was eligible to receive such consideration. Since the guidelines specifically exclude expunged convictions from criminal history computation, it is the opinion of the U.S. Probation Office that the base offense level attributed to the defendant [in the PSR] is correct.

The district court rejected the Presentence Investigation Report's conclusions and counted the 1988 conviction. It determined the Order to Seal was granted to restore civil rights or remove stigma rather than for reasons of innocence or legal error. The court then concluded that, under Application Note 10 to U.S.S.G. § 4A1.2, the Order to Seal did not constitute an "expungement" as

that term is used in § 4A1.2(j).  The sole issue on appeal is whether Hines' 1988

conviction was "expunged" within the meaning of § 4A1.2(j).[3]

## II.  ANALYSIS

Section 4A1.2(j) of the Sentencing Guidelines provides that "[s]entences

for expunged convictions are not counted" in computing a defendant's criminal

history category.  U.S.S.G. § 4A1.2(j).  The Sentencing Guidelines do not define

the term "expunged."  Application Note 10 to § 4A1.2(j), however, provides:

> <u>Convictions Set Aside or Defendant Pardoned</u>.  A number of
> jurisdictions have various procedures pursuant to which previous
> convictions may be set aside or the defendant may be pardoned for
> reasons unrelated to innocence or errors of law, <u>e.g.</u>, in order to
> restore civil rights or to remove the stigma associated with a criminal
> conviction.  Sentences resulting from such convictions are to be
> counted.  However, expunged convictions are not counted.
> § 4A1.2(j).

U.S.S.G. § 4A1.2(j) Application Note 10.

---

[3]Hines' base offense level for the firearms charge was calculated under
U.S.S.G. § 2K2.1(a), which provides for a higher base offense level when the
defendant has a prior felony conviction for a crime of violence.  *See* U.S.S.G.
§ 2K2.1(a)(4)(A).  In defining what constitutes a prior conviction for the purposes
of § 2K2.1(a)(4)(A), the commentary to the Sentencing Guidelines instructs the
sentencing court to consider any prior conviction which "receives any points
under § 4A1.1 (Criminal History Category)."  U.S.S.G. § 2K2.1 Application
Note 5.  Hines argues that because his prior battery conviction should not have
been included in calculating the applicable criminal history category under
§ 4A1.1, it cannot be used in determining the appropriate base offense level under
§ 2K2.1(a).  Hines' argument that his base offense level was improperly
calculated, therefore, rests entirely on whether it was permissible for the
sentencing court to consider his prior conviction in determining his criminal
history category.

Hines argues that because his prior battery conviction was "expunged" pursuant to Arkansas law, it may not be counted under the plain language of § 4A1.2(j) in calculating his criminal history category. He contends that it is inappropriate for this court to consider the basis for his expungement under Arkansas law because that portion of Application Note 10 requiring the sentence be set aside for reasons of innocence or an error of law does not apply to convictions which have been "expunged" under state law. He argues the Sentencing Guidelines distinguish convictions which have been "expunged" from those which have been "set aside" or "pardoned" under state law. He concludes that Application Note 10 merely recognizes this distinction by permitting consideration of "set aside" convictions for purposes of calculating a defendant's criminal history category but restating the prohibition against counting "expunged" convictions.

Hines' arguments are unpersuasive. In determining whether a conviction is expunged for purposes of the Sentencing Guidelines, Application Note 10 requires sentencing courts to analyze the true basis for expungement under state law rather than relying on the varied nomenclature among jurisdictions. This approach is supported by both Tenth Circuit case law and the purpose of the Sentencing Guidelines.

In *United States v. Cox*, 83 F.3d 336 (10th Cir. 1996), this court considered a defendant's argument that he should be resentenced after he successfully attacked several prior convictions which had been used to enhance his federal sentence. The defendant contended that these prior convictions, which were dismissed or expunged under state law, should not be used in recalculating his sentence under the Guidelines. *See id*. at 339. In determining that the defendant's sentence should be reopened and recalculated by the district court, the *Cox* court held that under U.S.S.G. § 4A1.2(j) and Application Note 10, a sentencing court "must determine the *basis for the expungement* or dismissal of the prior offenses" when deciding whether prior convictions should be included in calculating a defendant's criminal history category. *Id*. at 339 (emphasis added). The court stated:

> Convictions reversed or vacated for reasons related to constitutional invalidity, innocence, or errors of law are *expunged for purposes of the Guidelines* and therefore cannot be included in criminal history calculations. . . . When convictions are set aside for reasons other than innocence or errors of law, such as to restore civil rights or remove the stigma of a criminal conviction, those convictions are counted for criminal history purposes.

*Id*. at 339-40 (emphasis added); *see also United States v. McDonald*, 991 F.2d 866, 871 (D.C. Cir. 1993) ("[Application Note 10] explains that convictions excluded from the criminal history calculation are those in which the defendant

was subsequently found innocent or which involved legal error. These convictions are classified as 'expunged.'").

The defendant in *Cox* was appealing the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Cox*, 83 F.3d at 338. The defendant argued that because he successfully attacked four prior convictions which had been used in calculating his criminal history category, he should be resentenced without counting those prior convictions. *See id.* at 339. In support of his claim, the defendant provided evidence that two of his prior convictions were "expunged," one was "dismissed with prejudice," and the final one was "dismissed, sealed and expunged." *See id*. This court reversed the district court's denial of § 2255 relief and ordered that the defendant's sentence be reopened but did not rule on whether the expunged convictions could be counted. *See id*. at 339-40 & n.3. While the court could have held as a matter of law that convictions "expunged" under state law are "expunged" for Sentencing Guideline purposes, it declined to do so. Instead, the court remanded the case to the district court in part for a determination of the underlying "basis" for the expungements and dismissals. *See id*. at 339. In remanding, the court thereby suggested what this court holds today: that a state's use of the term "expunge" is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category. Instead,

sentencing courts are to examine the grounds upon which a defendant was

pardoned or his sentence was set aside or expunged.[4]

Our holding today is consistent with the policies underlying the Sentencing

Guidelines. The Guidelines were enacted to promote uniformity in sentencing for

---

[4]Hines' reliance on this court's decision in *United States v. Wacker*, 72 F.2d 1453 (10th Cir. 1996), for the proposition that a conviction "expunged" under state law is necessarily "expunged" for purposes of U.S.S.G. § 4A1.2(j) is misplaced. In *Wacker*, the court held that a prior conviction "set aside" under the Federal Youth Corrections Act ("FYCA") was properly included in calculating the defendant's criminal history category. *See id.* at 1479-80. In determining whether the prior conviction should be considered under the Sentencing Guidelines, the court examined the purpose of the FYCA's provision allowing sentences of youthful offenders to be set aside. *See id.* at 1479. The court noted that an offender's conviction is "set aside" under the FYCA to give the offender a "new start," a reason unrelated to innocence or errors of law, and the court therefore concluded that a conviction set aside under the FYCA is not expunged for purposes of U.S.S.G. § 4A1.2(j). *See id.* (citation omitted). *Wacker* thus did not consider whether a conviction "expunged" under state law is also "expunged" for purposes of the Sentencing Guidelines. The court's analysis in *Wacker* does, however, support our holding that courts must consider the reason a prior conviction has been pardoned, set aside, or expunged in determining whether the conviction may be used in calculating a defendant's criminal history category.

Hines' reliance on *United States v. Johnson*, 941 F.2d 1102 (10th Cir. 1991), is also inappropriate. *Johnson* did not address the issue before this court: whether the use of the term "expunge" in a state statute is controlling for purposes of the Sentencing Guidelines. The parties in *Johnson* assumed expungement under the Oklahoma statute would prohibit consideration of the prior sentence in calculating the defendant's criminal history category. The sole issue in *Johnson* was whether expungement under Oklahoma's deferred sentencing law was automatic upon completion of probation or required an affirmative action by the defendant to have his record expunged. *See id.* at 1110-13. The court did not have before it a consideration of the purpose behind Oklahoma's expungement statute under Application Note 10 to U.S.S.G. § 4A1.2(j). *See id.*

federal crimes. *See United States v. Diaz-Bonilla*, 65 F.3d 875, 877 (10th Cir. 1995); *see also* U.S.S.G. Ch. 1 Pt. A (stating that in the Sentencing Reform Act of 1984, "Congress sought reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders"). Hines' arguments disregard the goal of uniformity by allowing state nomenclature to control whether a sentence is expunged for purposes of the Sentencing Guidelines. This court, however, has explicitly refused to allow state law terminology to control Sentencing Guideline issues. *See Diaz-Bonilla*, 65 F.3d at 877; *United States v. Brunson*, 907 F.2d 117, 121 (10th Cir. 1990).

In *Diaz-Bonilla*, the defendant argued that his prior conviction could not be classified as a "felony offense" for purposes of the Sentencing Guidelines because under Colorado law the offense was defined as a "misdemeanor." *See* 65 F.3d at 876-77. This court rejected the defendant's argument, holding instead that the term "felony offense" must be defined with reference to federal law. *See id*. at 877. The court reasoned that "[t]he purpose of the Guidelines would be frustrated by an interpretation that gave effect to a state statutory definition, because its application is nationwide and the federal program's objective of uniformity would be impaired." *Id*.

Similarly, in *Brunson* the defendant contended that state law should determine whether a prior state felony conviction is classified as a "crime of violence" for purposes of the Sentencing Guidelines. *See Brunson*, 907 F.2d at 120-21. In rejecting the defendant's argument that state law should control, this court stated:

> Were we to [rely on state law], the uniformity in sentencing the *Guidelines* was intended to ensure would be jeopardized. Criminals with similar records might receive vastly different sentences simply because their past crimes were defined differently by different states. We believe that uniformity in sentencing may best be achieved by applying the *Guidelines* without strict reference to state criminal law definitions.

*Id*. at 121.

The rationale for the court's decision in *Brunson* is equally applicable to the current case. Were we to find state terminology controlling in determining whether a sentence is expunged under the Guidelines, the goal of uniformity would be severely jeopardized. This court therefore holds that to determine whether a conviction is "expunged" for purposes of the Sentencing Guidelines, the district court must examine the "basis" for the expungement. *See Cox*, 83 F.3d at 339. A conviction is "expunged" for Guideline purposes only if the basis for the expungement under state law is related to "constitutional invalidity, innocence, or errors of law." *Id*. We must therefore examine the basis for the expungement of Hines' conviction under Arkansas law.

Reviewing substantive Arkansas law, the sentencing court concluded that the sealing of Hines' 1988 battery conviction was "clearly not an expungement based upon innocence or legal error, but was for the purpose of removing the stigma of a criminal conviction and restoring the defendant's civil rights" and therefore the conviction should be counted in determining Hines' criminal history category. An analysis of Arkansas' Alternative Service Act and its interpretation by the Arkansas Supreme Court verifies the sentencing court's conclusion.

Under the Arkansas Act, Hines was entitled to have his 1988 battery conviction "expunged" "[u]pon the completion of [his] sentence." Ark. Code Ann. § 16-93-510(a) (Michie 1987 & Supp. 1988) (repealed 1993). There was no requirement that Hines make a showing of innocence or legal error to be granted expungement under Arkansas law. Rather, the Act provided for expungement regardless of the validity of Hines' conviction.

"Expunge" is defined by Arkansas' Alternative Service Act as follows:

(A) "Expunge" means to make an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact that the records are those relating to eligible offenders as so determined and sentenced or paroled under the provisions of this subchapter; that the records shall be sealed, sequestered, treated as confidential and *only available to law enforcement and judicial officials*; and further signifying that the defendant was completely exonerated of any criminal purpose and that *the disposition shall not affect any civil rights or liberties of the defendant*.

(B) *"Expunge" shall not mean the physical destruction* of any official records of law enforcement agencies or judicial officials.

Ark. Code Ann. § 16-93-502(7)(A)-(B) (Michie 1987) (repealed 1993) (emphasis added).[5]  While this definition provides the defendant is "completely exonerated of any criminal purpose," it also places important limitations on the scope of expungement under the Act.  First, the Act explicitly allows judicial officials to access records that are otherwise sealed under the statute.  The Act thus carves out an exception for courts to the rule of confidentiality.  Second, the Act does not permit the physical destruction of records relating to expunged convictions and thus assures continued access to the records by courts.  Finally, this definition suggests that the "basis" for expungement under Arkansas' Alternative Service Act is to restore the "civil rights or liberties of the defendant."

Section 16-93-510(c) of the Act further provides:

> Upon the expungement of the record, as to that conviction, the person whose record was expunged may thereafter state in any

---

[5]In 1995, the Arkansas legislature adopted new provisions defining expungement and addressing the procedure for sealing criminal records.  *See* Ark. Code Ann. §§ 16-90-901 to 905.  Although Hines cites both Arkansas' Alternative Service Act and these newer statutory provisions in defining expungement and its effects under Arkansas law, he does not make an issue of which provisions are applicable, nor does either party suggest that the differences between these statutes affect the analysis of this case.  Because the Order to Seal Hines' 1988 battery conviction was based on his completion of the sentence imposed under Arkansas' Alternative Service Act, we limit our analysis to expungement under the Alternative Service Act.

> application for employment, license, civil right, or privilege, or in any appearance as a witness, that he has not been convicted of the offense for which he was convicted and sentenced or placed on probation under the provisions of [the Alternative Service Act].

Ark. Code Ann. § 16-93-510(c) (Michie 1987 & Supp. 1988). This provision indicates the primary purpose for expungement under the Act is to restore a defendant's civil rights and remove any stigma attached to the conviction. Notably absent from this listing of the effects of expungement is any limitation of a court's use of the expunged conviction for future sentencing purposes.

The Act therefore not only permits expungement without a showing of innocence or legal error, it indicates that expungement is for reasons other than innocence or legal error and further indicates the effect of expungement is merely the restoration of an individual's civil rights. Significantly, there is no provision which limits the use of expunged convictions in sentencing a defendant. The meaning of "expunge" under Arkansas' Alternative Service Act is thus quite different from the meaning of "expunge" in U.S.S.G. § 4A1.2(j) and Application Note 10.

If there remained any doubt of the limited meaning, purposes, and consequences of expungement under the Act, the Arkansas Supreme Court laid such doubts to rest in *Gosnell v. State*, 681 S.W.2d 385 (Ark. 1984). In *Gosnell*, the court addressed a state law issue similar to that presented in the instant case:

whether a conviction expunged under the then-applicable Alternative Service Act[6] could be used to enhance a sentence under Arkansas' habitual offender laws. *See id.* at 386. The divided Arkansas court answered in the affirmative, concluding that expungement under the Act does not exempt the offender from responsibility for that crime under habitual criminal laws upon the conviction of a subsequent crime. *See id.* at 386-87 ("[The statute] does not state that [a defendant] is free to commit more felonies without accountability as an habitual criminal."). The court's reasoning is important: the express and limited statutory consequences of expungement exclude other claimed consequences, such as prohibiting consideration of the prior conviction under habitual offender criminal laws. *See id.* at 387.

The *Gosnell* court concluded that the Alternative Service Act expressly restores an individual's civil rights and allows the individual to "state in any application for employment, license, civil right or privilege or in any appearance as a witness that he has not been convicted of the offense," but it does not limit

---

[6]While the Alternative Service Act has undergone several amendments since its adoption in 1975, the changes are not significant for purposes of this case. Accordingly, the provisions of the Act considered by the *Gosnell* court differ from those of the Act before us only in ways insignificant to our decision.

the defendant's accountability as an habitual offender.[7] *Id*.  In so holding, the

court noted:

> Every benefit extended by this statute is of the type to encourage the offender's progress toward rehabilitation.  That is, a reformed convict should be encouraged to apply for a job, to assert his civil rights, as by registering to vote or running for office, and to discharge a good citizen's duty to appear as a witness without fear of unnecessary embarrassment.  But there is no reason either to encourage him to commit another crime or to believe that the legislature intended to do so.  The trial judge was right in refusing to read into the statute a provision that is simply not there and that would actually be contrary to the over-all legislative intent.

*Id.*[8]

---

[7]Relying on *Gosnell*, the Seventh Circuit, in an unpublished order, determined that the term "expunged" as used in Arkansas' Alternative Service Act does not constitute an "expungement" for purposes of U.S.S.G. § 4A1.2(j).  *See United States v. Streete*, 1995 WL 283954 (7th Cir. May 11, 1995).

[8] A number of circuits have used analogous reasoning to hold that convictions set aside pursuant to statutes designed to give young offenders a second chance may be counted in calculating a defendant's criminal history category under the Sentencing Guidelines.  *See Wacker*, 72 F.3d at 1479 (holding conviction set aside under FYCA to give youthful offender new start could be counted when offender turns into a recidivist); *United States v. Fosher*, 124 F.3d 52, 58 (1st Cir. 1997) ("Although the FYCA was intended to benefit a youthful offender by providing a second chance to start life without the stigma of a criminal conviction, . . . it was not meant to allow a recidivist to avoid increased penalties based on earlier criminal convictions."); *Gass v. United States*, 109 F.3d 677, 679-80 (11th Cir. 1997) (similarly holding second chance granted by FYCA should not shield recidivists from increased penalties); *United States v. Nicolace*, 90 F.3d 255, 258 (8th Cir. 1996) (same); *United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir.) (same), *reinstated in relevant part on reh'g en banc*, 38 F.3d 803 (5th Cir. 1994); *United States v. McDonald*, 991 F.2d 866, 871-73 (D.C. Cir. 1993) (holding conviction set aside pursuant to Youth Rehabilitation Act, which encourages rehabilitation of juvenile offenders, could be counted in determining defendant's criminal history).  *But see United States v. Beaulieau*, 959 F.2d 375,

Based on our consideration of Arkansas' Alternative Service Act and Arkansas case law interpreting the Act, we conclude that Hines' conviction was not expunged for reasons related to constitutional invalidity, innocence, or errors of law. Rather, the record of his 1988 conviction was sealed to the public upon his fulfillment of the sentence imposed for that crime in order to restore his civil rights and give him a new start in the workplace and as a citizen. *Cf. McDonald*, 991 F.2d at 871-72 (holding procedure failed to qualify as expungement under § 4A1.2(j) because it was based on social policy goal, not innocence or legal error). The sealing of Hines' record under Arkansas law thus did not constitute "expungement" for purposes of U.S.S.G. § 4A1.2(j) and his prior conviction should therefore be counted in calculating his criminal history category and base offense level. Hines was entitled to and did receive the limited benefits of expungement under Arkansas' Alternative Service Act, i.e., the restoration of his civil rights and an opportunity to begin anew as a law abiding citizen. Once he strayed from the path of a good citizen and returned to criminal ways, the benefits of expungement did not suddenly expand to limit accountability for his criminal past.

---

380-81 (2d Cir. 1992) (holding conviction sealed under Vermont juvenile statute was expunged for purposes of the Guidelines); *United States v. Kammerdiener*, 945 F.2d 300, 301 (9th Cir. 1991) (holding conviction expunged under FYCA could not be counted in determining defendant's criminal history).

We **AFFIRM** the judgment of the United States District Court for the District of Kansas.