**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTORIA QUINTANILLA, also
known as Victoria Negrete Hinojosa,

    Defendant-Appellant.

No. 98-8077
(D.C. No. 98-CR-03-03-D)
(Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Ms. Victoria Quintanilla entered a guilty plea to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 846. She was sentenced to 168 months imprisonment and five years of supervised release. She appeals her sentence on two grounds, arguing that she should have been granted a reduction for her role as a minor participant and that her criminal history calculation should not have included a diversionary sentence she received for two misdemeanors. We affirm.

Ms. Quintanilla acted as a runner between California and Wyoming for a methamphetamine trafficking conspiracy for which she delivered over sixteen pounds of drugs in two deliveries. Although the conspiracy involved over 180 pounds of methamphetamine, Ms. Quintanilla's sentence held her responsible only for the sixteen pounds.

She now argues that her role as a drug courier entitles her to an offense level reduction for her role as a "minor participant" under U.S.S.G. § 3B1.2. We review the district court's findings of fact on this issue for clear error and give due deference to the court's application of the sentencing guidelines to the facts. *See United States v. Smith*, 131 F.3d 1392, 1399 (10th Cir. 1997). The defendant has the burden to show entitlement to an offense level reduction under U.S.S.G. § 3B1.2. *See United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994).

Rather than accepting the state terminology Ms. Quintanilla argues that since she had minimum contact with the core conspirators and transported only a fraction of the total drugs in the conspiracy, her role as a drug courier was

removed enough from the conspiracy to warrant a reduction. We are not persuaded. In evaluating drug runners, this Circuit looks to "culpability, not courier status," *United States v. Martinez*, 983 F.2d 968, 977 (10th Cir. 1992) (citations omitted). We have recognized that a courier is "indispensable" to any drug conspiracy. *Ballard*, 16 F.3d at 1114. We have also noted that mitigation could be appropriate for a courier in "a single smuggling transaction involving a small amount of drugs." *Martinez*, 983 F.2d at 977 (citation omitted). Ms. Quintanilla, however, does not challenge her culpability in transporting sixteen pounds of drugs in what the district court found to be a "pattern of conduct," Rec. vol. III, at 20.

Moreover, "a defendant is not entitled to a mitigating role adjustment where the relevant conduct of the conspiracy was not considered in calculating the base offense level." *United States v. James,* 157 F.3d 1218, 1220 (10th Cir. 1998). Since Ms. Quitanilla was sentenced only on the basis of the sixteen pounds attributed to her own conduct, and not the 180 pounds attributed to the total conspiracy, it makes no sense to grant a reduction for her role in her own conduct. The district court did not err in denying her a reduction.

In her second argument, Ms Quintanilla contends a prior sentence was effectively "expunged" under operation of California law and was therefore improperly included in her criminal history calculation. In 1995, Ms. Quintanilla

pled guilty to two state misdemeanors and received a diversionary sentence which she completed successfully. As a result, under California law the misdemeanors were apparently considered never to have occurred. In the sentencing for the federal crime in the instant case, the misdemeanors were added to her criminal history. We review the district court's legal interpretation of the guidelines de novo. *See United States v. Hines*, 133 F.3d 1360, 1361 (10th Cir. 1998).

Section 4A1.2(j) of the sentencing guidelines provides that "'[s]entences for expunged convictions are not counted' in computing a defendant's criminal history category." U.S.S.G. § 4A1.2(j). Application note 10 to section 4A1.2(j), however, provides that "[a] number of jurisdictions have various procedures pursuant to which a previous conviction may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law . . . . Sentences resulting from such convictions are to be counted." Interpreting the Guidelines, we have held that "[a] conviction is 'expunged' for Guideline purposes only if the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law.'" *Hines*, 133 F.3d at 1364 (citation omitted).

In *Hines*, the defendant argued that a state battery conviction expunged under Arkansas law should not be included in the calculation of his criminal history for sentencing in his federal conviction. Unpersuaded, we held "a state's use of the term 'expunge' is not controlling in determining whether a conviction

is properly included in calculating a defendant's criminal history category." *Id.* at 1363 (interpreting *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996)). We directed sentencing courts to examine the "basis" for expungement.

Similarly, we examine the basis of Ms. Quintanilla's earlier convictions rather than accepting the state terminology. Ms. Quintanilla pled guilty to the state charges and has at no point challenged the legal validity of that plea. Because she presents no evidence that her diversionary sentence was "expunged" for "constitutional invalidity, innocence, or errors of law," we conclude the conviction was not expunged for purposes of the Sentencing Guidelines and was properly included in her criminal history offense level.

We **AFFIRM.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge