Jose Lopez GARCIA, Sr., Petitioner–Appellant,

v.

Maryellen THOMS, Warden, Respondent–Appellee.

No. 99–6726.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Jose Lopez Garcia, Sr., a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In March 1995, Garcia pleaded guilty in the United States District Court for the Middle District of Tennessee, to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Garcia was sentenced to 236 months of imprisonment, and the Sixth Circuit affirmed his conviction and sentence on appeal. In October 1996, Garcia filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255, and this court denied him a certificate of appealability on appeal.

In his current § 2241 habeas corpus petition filed in November 1999, Garcia claimed that: (1) the superseding indictment was not returned in open court; (2) the indictment did not specify all the elements of the offense; (3) his term of supervised release exceeds the recommended guidelines; (4) his offense level was im-

properly enhanced due to his role in the offense; and (5) his PSI report overstates his criminal history and needs to be revised downward because one of Garcia's prior convictions has now been expunged. The district court dismissed the petition, concluding that Garcia could not challenge the imposition of his sentence under § 2241, because he had not shown that his remedy under § 2255 was inadequate or ineffective.

Garcia reasserts his claims in his timely appeal. The government was not served with the petition in the district court, and hence it was not requested to file an appellate brief.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Garcia's petition.

 Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Garcia has not satisfied this burden for several reasons. First, Garcia does not cite to an intervening change in the law which reflects that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Garcia has had multiple opportunities to challenge his conviction and sentence on his first four grounds in his direct criminal appeal and in his prior § 2255 motion to vacate. Although his fifth claim relies on the alleged recent expungement of a prior conviction, the claim does not reflect that he is actually innocent of his current offense. In any event, the claim is facially meritless, as Garcia has not submitted any evidence to reflect that his prior conviction was expunged for reasons of constitutional invalidity, innocence, or errors of law, as opposed to being set aside for purposes of restoring his civil rights and removing the stigma attached to a criminal conviction. *See* USSG § 4A1.2, comment. (n.10); *United States v. Matthews,* 205 F.3d 544, 546 (2d Cir.2000); *United States v. Hines,* 133 F.3d 1360, 1364 (10th Cir.1998).

Second, it is unclear whether and to what extent someone like Garcia can show actual innocence in relation to his claims that only challenge the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Garcia does not rely on any intervening Supreme Court decision for relief. *See id.*

Third, Garcia's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner

has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.