**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SH-PONE A. HARRIS,

      Defendant - Appellant.

No. 00-3061
(D.C. No. 99-10086-01-MLB)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **McKAY** and **LUCERO**, Circuit Judges.

On November 15, 1999, Sh-Pone A. Harris pleaded guilty to the offense of being an accessory after the fact in violation of 18 U.S.C. § 3. In exchange for his plea, the government agreed to recommend that Harris receive a two point reduction in the offense level for acceptance of responsibility and to file a motion for a downward departure from the Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1 for substantial assistance.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

At sentencing, the court considered two guilty pleas, now expunged, entered by Harris in Oklahoma. The court rejected Harris's motion that considering the expunged pleas was improper under the Sentencing Guidelines, noting that even if he had ruled in Harris's favor, Harris would have been in the same criminal history category for purposes of sentencing. Harris was ultimately sentenced by the district court to serve a total prison term of thirty months.

Proceeding under Tenth Circuit Rule 46.4, Harris's counsel has filed an <u>Anders</u> brief characterizing the issue raised on appeal as frivolous and requesting to withdraw his representation. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."). Because we agree with counsel's characterization of the argument on appeal and because he has met the requirements of Rule 46.4, we grant counsel's motion to withdraw and affirm appellant's sentence.

Before us, Harris argues only that the trial court incorrectly considered his two expunged guilty pleas when applying the Sentencing Guidelines. Section 4A1.2(j) of the Guidelines provides that "[s]entences for expunged convictions are not counted" in computing a defendant's criminal history category. However,

the Guidelines do not define the term "expunged." See United States v. Hines, 133 F.3d 1360, 1362 (10th Cir. 1998). We review the district court's application of the Sentencing Guidelines de novo. United States v. Fisher, 132 F.3d 1327, 1328 (10th Cir. 1997) (citation omitted).

In Hines, we considered the issue of when a conviction is "expunged" for purposes of the Sentencing Guidelines. 133 F.3d at 1362–63. We concluded that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category. Instead, sentencing courts are to examine the grounds upon which a defendant was pardoned or his sentence was set aside or expunged." Id. at 1363. Quoting our earlier decision in United States v. Cox, 83 F.3d 336, 339–40 (10th Cir. 1996), we stated that

> Convictions reversed or vacated for reasons related to constitutional invalidity, innocence, or errors of law are expunged for purposes of the Guidelines and therefore cannot be included in criminal history calculations. . . . When convictions are set aside for reasons other than innocence or errors of law . . . those convictions are counted for criminal history purposes.

Hines, 133 F.3d at 1363 (emphasis and second ellipses added) (citations omitted).

Harris does not argue his convictions were expunged because of innocence or legal error. In fact, both convictions were expunged because Harris served his sentences. Both orders stated that Harris's convictions were expunged because "the Defendant has satisfactorily discharged his responsibilities required of him

-3-

by the Oklahoma State Department of Corrections." (R. Doc. 115, Exs. A, B.) Accordingly, the trial court properly considered Harris's earlier guilty pleas in calculating his criminal history because the expungements were not based upon innocence or legal error.

The judgment of the district court is **AFFIRMED**, and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge