**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JENNIFER L. MYRICK,

    Defendant-Appellant.

No. 03-8007

(D.C. No. 02-CR-0072-03-J)
(D.Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

---

A jury convicted Defendant Jennifer Myrick and her co-defendant, Salvador

Delgado-Uribe, of (1) conspiracy to possess with intent to distribute marijuana in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and (2) possession with intent

to distribute marijuana and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1),

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

841(b)(1)(C), and 18 U.S.C. § 2.[1]  The district court sentenced Myrick to fifty-seven months imprisonment based upon a final base offense level of twenty-four and a criminal history category of II under the United States Sentencing Guidelines.  Myrick appeals her final sentence.[2]  We have jurisdiction under 18 U.S.C. § 3742(e).  We review any factual determinations involved in the district court's application of the Sentencing Guidelines for clear error.  See United States v. Espinoza, 338 F.3d 1140, 1151 (10th Cir. 2003).  We review the district court's legal interpretation of the Sentencing Guidelines *de novo*.  Id. Applying these standards, we affirm.

I.

The facts of this case are set out in full in the companion case of United States v. Delgado-Uribe, ___F.3d___, No. 03-8003, ___WL___ (10th Cir. 2004); see Fed. R. App. P. 3(b)(2).  In short, the trial evidence established Myrick and her co-defendant, Salvador Delgado-Uribe, were involved in a conspiracy to distribute marijuana.  The evidence indicated Myrick and Delgado were driving a van from California to Illinois.  Wyoming state trooper Jason Green stopped Defendants on March 29, 2002.  According to Trooper

---

[1] Decided and filed together with the companion case of United States v. Delgado-Uribe, ___F.3d___, No. 03-8003, ___WL___ (10th Cir. 2004) (published disposition).

[2] Myrick's appellate counsel filed an Anders brief and a motion to withdraw from her representation of Myrick.  See Anders v. California, 386 U.S. 738 (1967) (providing that when counsel believes her client's claims are frivolous after a careful examination of the record, "[s]he should so advise the court and request permission to withdraw."); see also 10th Cir. R. 46.4(B)(1).  Counsel's motion to withdraw is GRANTED because Myrick's claims are meritless.

Green, he stopped the van because, among other things, the van was missing a front license plate. Myrick was arrested for driving without a valid driver's license. During an inventory search of the van, law enforcement officers discovered approximately 166.5 pounds of marijuana.

At trial, Myrick denied any involvement with, or knowledge of, the marijuana in the van. The jury found otherwise. At Myrick's sentencing hearing, the district court initially found Myrick's base offense level was twenty-two under the Sentencing Guidelines. The court then adjusted Myrick's base offense level upward two levels for obstruction of justice during trial. See U.S.S.G. § 3C1.1. The court found Myrick repeatedly perjured herself during trial and stated "the story that was presented by [Myrick] is one that has numerous flaws and inconsistencies in it, all designed to try to achieve some degree of plausibility." The district court also assigned Myrick a criminal history category of II based on a prior expunged conviction for possession of marijuana.

## II.

### A.

Myrick first argues the district court erred in adjusting her base offense level upward for obstruction of justice under U.S.S.G. § 3C1.1. Section 3C1.1 provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense by 2 levels.

3

The obstruction of justice adjustment applies to a defendant who commits, suborns, or attempts to suborn perjury. U.S.S.G. § 3C1.1 comment. (n.4(b)). The adjustment, however, is not intended to punish defendants who choose to exercise their constitutional right to testify. Id. § 3C1.1 comment. (n.2). "A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt, . . . or refusal to enter a plea of guilty is not a basis for application of [the] provision." Id. The Supreme Court explained a defendant may be subject to the obstruction of justice adjustment due to perjury when "she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). If a defendant objects to the obstruction of justice adjustment at sentencing, the district court should review the evidence and make independent findings "necessary to establish a willful impediment to or obstruction of justice." Id. at 95.

In this case, the district court found Myrick willfully perjured herself at trial, thereby obstructing justice. The district court thoroughly explained that Myrick's trial testimony included numerous inconsistencies regarding the various explanations given to law enforcement officers about her involvement with the marijuana, the purpose of her trip to California, and her relationship with Delgado. The court also found Myrick's testimony largely unbelievable. For example, the court noted the implausibility of Myrick's testimony that she rode in the van from California to Wyoming without

4

knowing the van contained 166.5 pounds of marijuana, especially in light of the fact that when law enforcement officers opened the van, they were confronted with the "overwhelming" smell of raw marijuana. Further, commenting on Myrick's erratic behavior, the court noted "[a]s a single woman traveling alone and a mother of six children, [Myrick's] behavior [was] very unusual."

After a thorough review of the record, we hold the district court did not err in finding Myrick perjured herself at trial and willfully obstructed justice. As the district court found, Myrick testified falsely concerning material matters with the willful intent to provide false testimony. See Dunnigan, 507 U.S. at 94. Myrick denied any knowledge of the marijuana, yet (1) Myrick rolled her window down only three inches when approached by Trooper Green, (2) Myrick saw Delgado spray air freshener in the van throughout their trip, and (3) Myrick's suitcase was discovered on top of the marijuana. Further, Myrick's perjury was "material" because the jury would not have had any basis on which to convict Myrick if it believed she had no involvement with, or knowledge of, the marijuana. See U.S.S.G. § 3C1.1 comment. (n.6) ("'[m]aterial' . . . means evidence, fact, statement, or information, that if believed, would tend to influence or affect the issue under determination"). Accordingly, we affirm the district court's two level upward adjustment of Myrick's sentence under U.S.S.G. § 3C1.1.

B.

Myrick next argues the district court erred in using a prior expunged conviction for

5

possession with intent to distribute marijuana in calculating her criminal history category. The Sentencing Guidelines provide "[s]entences for expunged convictions are not counted" in computing a defendant's criminal history category. U.S.S.G. § 4A1.2(j). We have held, however, a sentencing court "must determine the basis for the expungement or dismissal of the prior offenses when deciding whether prior convictions should be included in calculating a defendant's criminal history category." United States v. Hines, 133 F.3d 1360, 1363 (10th Cir. 1998) (internal quotation and citation omitted). A prior expunged conviction cannot be counted in determining a defendant's criminal history category if the expungement was based upon a determination of actual innocence or error of law. See id. An expunged conviction can be counted, however, if the reason for the expungement was simply to "restore civil rights or remove the stigma of a criminal conviction[.]" Id.

In this case, the district court explained it counted Myrick's prior expunged marijuana conviction in calculating her criminal history category because Myrick did not present any evidence demonstrating the conviction was expunged because of her innocence or an error of law. Myrick argues the district court's findings are inadequate and a more detailed explanation regarding the basis for the expungement is required. Although the district court did not elaborate, the pre-sentence investigative report (PSR) informed the district court that Myrick's prior conviction was expunged to restore her civil rights and to remove the social stigma of a criminal conviction. Specifically, the

6

PSR indicated Myrick's prior marijuana conviction was expunged from her record after she successfully completed her probation. The effect of the court's order expunging Myrick's prior conviction was therefore to restore her citizenship rights. Thus, the district court was required to use Myrick's prior drug conviction in calculating her criminal history category. <u>See</u> <u>Hines,</u> 133 F.3d at 1363. Accordingly, we affirm the district court's determination to include Myrick's expunged marijuana conviction in calculating her criminal history category.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge