*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0448p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

               *Plaintiff-Appellee,*

    *v.*

STEVEN SHOR,

               *Defendant-Appellant.*

No. 07-2334

Appeal from the United States District Court

for the Eastern District of Michigan at Detroit.

No. 06-20531-002—Lawrence P. Zatkoff, District Judge.

Submitted: December 11, 2008

Decided and Filed: December 16, 2008

Before: MARTIN and GILMAN, Circuit Judges; CARR, Chief District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** James R. Gerometta, FEDERAL DEFENDER'S OFFICE, Detroit, Michigan, for Appellant. Wayne F. Pratt, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Steven Shor challenges the sentence imposed by the district court on the grounds that the presentence report improperly

---

[*]The Honorable James G. Carr, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

calculated his criminal history. Because we find that the district court properly calculated his sentence, we AFFIRM.

I.

Steven Shor pled guilty to a charge of conspiracy to distribute ecstasy pursuant to Fed. R. Crim. Pro. 11. His plea agreement calculated a criminal history category of I and an offense level of 21, yielding a guidelines range of 37-46 months. However, the presentence report uncovered additional criminal history–an assault with a dangerous weapon that resulted in a two-year probationary sentence imposed under Michigan's Holmes Youthful Trainee Act. Mich. Comp. Laws §§ 762.11-.15. Shor argued that this was not a conviction under state law and thus should not be counted for criminal history purposes under U.S. Sentencing Guidelines Manual § 4A1.1(c) (2008 supp.), but the district court rejected this argument and assigned an additional criminal history point for this offense under § 4A1.1(c). This had the effect of raising Shor's criminal history category to II. As a result, he was not eligible for the two-level "safety valve" reduction and received a sentencing guideline range of 51-63 months. The district court sentenced Shor to 60 months. He now appeals.

II.

As the Supreme Court explained in *Gall v. United States*, 128 S. Ct. 586 (2007), we review district courts' decisions under the advisory sentencing guidelines for abuse of discretion:

> In *Booker* we invalidated both the statutory provision which made the Sentencing Guidelines mandatory, and [the provision] which directed appellate courts to apply a de novo standard of review to departures from the Guidelines. As a result of our decision, the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are "reasonable." Our explanation of "reasonableness" review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.

*Id.* at 594. This review has two components: procedural reasonableness and substantive reasonableness. *Id.* at 597. Whether the district court calculated a defendant's criminal

history properly is an issue of procedural reasonableness, and, as the criminal history calculation is "the starting point" of the sentencing process, *id.* at 596, an improper calculation is the sort of "significant procedural error" that constitutes an abuse of discretion and thus requires reversal.[1]  *Id.* at 597, 598.

### III.

The district court added one criminal history point pursuant to § 4A1.1(c), which provides: "Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points."[2]  The Sentencing Guidelines define "prior sentence" as it is used in calculating criminal history under § 4A1.1 in § 4A1.2(a)(1): "The term 'prior sentence' means *any sentence previously imposed upon adjudication of guilt*, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." *Id.* (emphasis added).  As this provision makes clear, the Guidelines are concerned with the "adjudication of guilt," not how the resulting "sentence" is served.  Thus, § 4A1.2(f) provides:

> Diversion from the judicial process without a finding of guilt is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered.

Again, whether within the judicial process or not, the key consideration under the Sentencing Guidelines is whether the defendant's guilt was adjudicated. Consistent with this, § 4A1.2(j) provides that "expunged" convictions are not "counted" for criminal history purposes, because "expunged" means that the adjudication of guilt itself was

---

[1]Both parties cite pre-*Booker* cases for the proposition that our review of the district court's interpretation of the Guidelines is de novo.  This is incorrect: the Guidelines are advisory and thus a district court's interpretation of the Guidelines is only one factor in our holistic review for procedural reasonableness.  The Supreme Court was quite explicit on this point in *Gall*.  Here, however, this difference is immaterial, for the Supreme Court was also quite explicit in *Gall* that miscalculating the Guidelines range is a "significant procedural error" that requires reversal. *See Gall*, 128 S. Ct. at 597, 598. It is unclear in the wake of *Gall* when a procedural error is not "significant."

[2]Shor's assault offense was not counted in (a) or (b) because those provisions only apply to sentences involving prison time. "Sentence of imprisonment" is defined in § 4A1.2(b).

vacated because of demonstrable innocence or legal error.[3] *See* U.S.S.G. § 4A1.2 note 10 (providing that sentences set aside "for reasons unrelated to innocence or errors of law . . . are to be counted"); *United States v. Hines*, 133 F.3d 1360, 1367 (10th Cir. 1998) (holding that a conviction "expunged" under state law "for reasons not related to constitutional invalidity, innocence, or errors of law" was not "expunged" within the meaning of the sentencing guidelines); *cf. Black's Law Dictionary* (8th ed. 2004) (defining "expunge" as "[t]o erase or destroy").

A guilty plea is a precondition of eligibility for the Michigan youthful trainee program.  Mich. Comp. Laws § 762.11 ("[I]f an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court . . . may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee.").  And, the record shows that Shor pled guilty in the 16th Circuit Court, Mt. Clemens, MI, on October 31, 1997.[4]  Thus, his guilt was adjudicated and his "sentence" is counted under the Sentencing Guidelines unless it was subsequently "expunged."

Shor's sentence was not expunged within the meaning of § 4A1.2(j).  While Mich. Comp. Laws § 762.14(2) provides that "the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee," this provision has no bearing upon the legal basis for the adjudication of his guilt.  Thus, it must be counted.  Guidelines § 4A1.2 note 10 is quite clear on this point:

> A number of jurisdictions have various procedures pursuant to which
> previous convictions may be set aside or the defendant may be pardoned
> for reasons unrelated to innocence or errors of law, *e.g.*, in order to
> restore civil rights or to remove the stigma attached with a criminal

---

[3]Shor cites one case to the contrary, *United States v. Hidalgo*, 932 F.2d 805 (9th Cir. 1991).  In light of the clear terms of the sentencing guidelines and the fact that *Hidalgo* has been discredited even in the Ninth Circuit, *see United States v. Hayden*, 255 F.3d 768, 773 (9th Cir. 2001), we decline to follow it.

[4]Shor was not in juvenile court, so the exception to § 4A1.2(f) does not apply.

conviction.  *Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted* (emphasis added).

The Guidelines clearly distinguish between convictions of the sort at issue in this case and those that have been "expunged."  This is consistent with the Guidelines' definition of a "sentence" as an "adjudication of guilt," and with the Guidelines' underlying policy to promote nationwide uniformity in sentencing.  *Hines*, 133 F.3d at 1364.

The district court properly counted Shor's prior sentence for assault under § 4A1.1(c).     Because Shor alleges no further error, we find his sentence to be procedurally reasonable.

IV.

We AFFIRM the judgment of the district court.