NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0235n.06

No. 18-1812

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>May 02, 2019<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ALBERT HILL, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, GIBBONS, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Albert Hill pleaded guilty to conspiracy to commit wire fraud, access device fraud, aggravated identity theft, and obstruction of justice. The district court departed downward from the Guidelines range and sentenced Hill to eighty-four months in prison. Hill argues that the district court erred by including a guilty plea to retail fraud as part of his Guidelines criminal history score. For the reasons stated, we AFFIRM Hill's sentence.

I.

Hill and his brother opened an account on Joker's Stash, a website on the dark web from which customers can purchase stolen credit and debit card accounts. Hill and his brother collectively purchased over 3,000 stolen accounts for just under $30,000. Hill used the stolen accounts to purchase plane tickets and electronics, to wire himself money, and to create counterfeit credit cards for sale to others.

A grand jury charged Hill with one count of conspiracy to commit wire fraud, three counts of access device fraud, and one count of aggravated identity theft. During his pretrial detainment,

Hill called his girlfriend and told her to delete his Joker's Stash account. This prompted the government to tack on one count of obstruction of justice. Hill pleaded guilty to all counts. The presentence report (PSR) calculated his Guidelines range at 97 to 121 months, followed by a mandatory, consecutive 24-month term for aggravated identity theft. The district court adopted the recommended Guidelines range but varied downward, imposing a total sentence of 84 months in prison.

II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Hill challenges only the procedural reasonableness of his sentence. Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Hill asserts that the district court erred in calculating his criminal history category when it scored one point for his 2012 guilty plea to retail fraud in Michigan.[1] Hill did not present his procedural challenge to the district court, so we review for plain error, which requires Hill "to show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quotation marks omitted).

---

[1] Hill also asserts that the district court should not have included his guilty plea to providing false information to a police officer in his criminal history score. But the district court did not include that guilty plea in Hill's criminal history score, so there is no factual predicate for this claim.

U.S.S.G. § 4A1.1 directs a district court to determine a defendant's criminal history score by adding points for prior sentences, including "3 points for each prior sentence of imprisonment exceeding one year and one month," *id.* at § 4A1.1(a), "2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)," *id.* at § 4A1.1(b), and "1 point for each prior sentence not counted in (a) or (b)," *id.* at § 4A1.1(c). "Prior sentence" is defined broadly as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense," *id.* at § 4A1.2(a)(1), and includes all felonies and most misdemeanors, *id.* at § 4A1.2(c).

Hill first argues that his 2012 guilty plea to retail fraud does not qualify as a "prior sentence" because his guilty plea was disposed of under Michigan's Holmes Youthful Trainee Act (HYTA). Under HYTA, certain defendants in Michigan are eligible to plead guilty and have their convictions dismissed if they complete the youthful trainee program. *See* Mich. Comp. Laws §§ 762.11 & .14. Unfortunately for Hill, precedent forecloses his argument. In *United States v. Shor*, 549 F.3d 1075, 1076–78 (6th Cir. 2008), the court held that a guilty plea under HYTA, such as Hill's, constitutes a "prior sentence." We are bound to follow *Shor*. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel.").

Hill next argues that U.S.S.G. § 4A1.2(c)(1) precluded the district court from counting his guilty plea to retail fraud as a "prior sentence." Retail fraud in Michigan is a misdemeanor. *See* Mich. Comp. Laws § 750.356d. And U.S.S.G. § 4A1.2(c) counts most misdemeanors as "prior sentences." There are, however, some exceptions. U.S.S.G. § 4A1.2(c)(1) lists a variety of minor

offenses that, along with "offenses similar to them, by whatever name they are known" generally do not count as prior sentences.[2]

Hill acknowledges that retail fraud, or shoplifting as the parties often refer to it, is not among the misdemeanors enumerated in § 4A1.2(c)(1). He instead argues that retail fraud is "similar to" one of the enumerated offenses (he fails to say which one). But Hill identifies no precedent from this court supporting the claim that Michigan retail fraud is similar to any offense listed in § 4A1.2(c)(1). He offers only one case from a sister circuit. *See United States v. Lopez-Pastrana*, 244 F.3d 1025, 1026 (9th Cir. 2001) (holding that shoplifting is similar to the enumerated offense of "insufficient funds check"); *but see id.* at 1036 (Graber, J., dissenting) (noting that every other circuit to address this issue had found that petty theft or shoplifting was not similar to any offenses listed in § 4A1.2(c)(1)). Given that our review is for plain error, this is fatal to Hill's argument. Even if there were error, it could not be plain. An error is "plain" only "when, at a minimum, it 'is clear under current law.'" *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). In our circuit, "[a] lack of binding caselaw that answers the question presented will . . . preclude our finding of plain error." *Id.*; *see also United States v. Monje-Vasquez*, No. 18-1698, 2019 WL 625546, at *1 (6th Cir. Feb. 14, 2019) (relying on *Al-Maliki* to find no plain error where the defendant admitted there was no binding law supporting his argument). We could find no precedent from this court, nor does Hill offer any, saying that retail fraud is similar to an offense enumerated in § 4A1.2(c)(1). As a result, the district court did not plainly err by adding a point to Hill's criminal history score based on the retail fraud conviction.

---

[2] U.S.S.G. § 4A1.2(c)(2) lists a variety of misdemeanors and petty offenses that are always excluded, but Hill relies only on § 4A1.2(c)(1). In any event, retail fraud is not listed in § 4A1.2(c)(2), nor is it remotely similar to the offenses listed in that section.

* * *

We AFFIRM Hill's sentence.

* * *