NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0462n.06

Case No. 22-3194

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 17, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| JASON JARVIS, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Jason Jarvis pled guilty for his role in a drug-trafficking conspiracy. He challenges his sentence and his trial counsel's effectiveness. We affirm his sentence and decline to consider his ineffective-assistance claim.

I.

A police officer pulled Jarvis and his then-girlfriend over for driving without a rearview mirror. The officer ordered Jarvis out of the car and patted him down. Feeling something that resembled a bag of marijuana, the officer reached into Jarvis's pocket and found methamphetamine. The police arrested Jarvis and seized his girlfriend's cellphone. The district court suppressed the methamphetamine, holding that the officer did not have reasonable suspicion to reach into Jarvis's pocket. But the government still had enough evidence to support a conspiracy charge. Numerous Facebook and text messages showed that Jarvis was deeply involved in the

drug conspiracy. So he pled guilty, and the district court sentenced Jarvis to 120 months' imprisonment.

## II.

Jarvis first challenges his sentence. Before imposing sentence, the district court reviewed Jarvis's multiple prior offenses. A state conviction for driving with a suspended license put him in a higher criminal history category and increased his recommended sentence by more than a year. *See* U.S.S.G. ch. 5 pt. A. He claims that the district court should not have considered the suspended license conviction because he wasn't represented by counsel in that case.

Jarvis is right that generally a district court may not consider a previous uncounseled conviction during sentencing. *United States v. Logan*, 250 F.3d 350, 377 (6th Cir. 2001), *superseded on other grounds by rule*, Fed. R. Evid. 408. But there's an exception if the defendant waived his right to counsel in the earlier case. *Id.* And that's what Jarvis did. The sentencing order from the prior conviction notes that Jarvis "was advised of . . . [and] knowingly waived" his right to counsel. R. 510, Pg. ID 2896. Based on that order, the district court concluded that Jarvis had waived his right to counsel in the earlier proceeding.

Jarvis contends that his sentencing order is insufficient proof of waiver because he didn't sign the order. But the state court apparently "never includes a defendant's signature" on its sentencing orders. R. 560, Pg. ID 3170. And Jarvis didn't contest that practice. Indeed, he produced no evidence showing the state court should have required Jarvis to sign his sentencing order. So the district court found that the form showed Jarvis waived his right to counsel. Because the district court is best positioned to make that fact-bound determination, we review for abuse of discretion. *See United States v. Shor*, 549 F.3d 1075, 1077 (6th Cir. 2008). Given the clear statement of waiver in the sentencing order and the state court's unchallenged practice, the district

court did not abuse its discretion by concluding that Jarvis waived his right to counsel in the state proceeding.

## III.

Jarvis also argues that his trial counsel was ineffective for failing to investigate whether the evidence from his then-girlfriend's phone could be suppressed.

This is an unusual claim to bring at this stage. Jarvis did not raise this claim below, so he failed to develop a record explaining his counsel's choices. That leaves us guessing about important questions: Did Jarvis have standing to challenge the seizure of his girlfriend's phone? What evidence came from the phone? How much did Jarvis's trial counsel know about the phone? Because we can only speculate, we leave Jarvis's ineffective assistance claim for post-conviction proceedings, where he can more fully develop a factual record. *See United States v. Bradley*, 400 F.3d 459, 461–62 (6th Cir. 2005). In short, there is inadequate evidence for us to consider Jarvis's ineffective-assistance claim.

\*     \*     \*

We affirm the district court's sentence and leave Jarvis's ineffective-assistance claim for post-conviction proceedings.