NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0236n.06

No. 22-1765

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MILEK MIMS, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

FILED
May 24, 2023
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; LARSEN and MUPRHY, Circuit Judges.

LARSEN, Circuit Judge. Milek Mims was on parole for a state carjacking offense when he was found with a stolen handgun. Federal authorities charged him with being a felon in possession of a firearm and he pleaded guilty. At sentencing, the district court calculated Mims's criminal history score as seven—including one point for a prior diversionary adjudication under Michigan's Holmes Youthful Trainee Act—and sentenced Mims to 71 months' imprisonment. The court also ordered Mims's federal sentence to run consecutively with his undischarged state court sentence. Mims appeals the calculation of his criminal history and the imposition of the consecutive sentence. We AFFIRM.

I.

A Michigan state court convicted Milek Mims of carjacking and sentenced him to three to twenty years in custody. While he was on parole for this conviction, police caught Mims with a stolen handgun containing twenty live rounds of ammunition. Mims was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he pleaded guilty without

a plea agreement. The Presentence Report (PSR) scored seven points for Mims's criminal history, including one point for a misdemeanor adjudicated under a Michigan diversionary program, the Holmes Youthful Trainee Act (HYTA). Mims's criminal history score of seven established a criminal history category of IV, which, combined with his total offense level of twenty-one, yielded a Sentencing Guidelines range of 57–71 months. Without this criminal history point, Mims's criminal history category would have been reduced to III, and his Guidelines range would have been 46–57 months. *See* U.S.S.G. Ch. 5, Pt. A.

Mims objected to the PSR's inclusion of the HYTA adjudication and explained that he would obtain court records showing that his case had been dismissed without a guilty plea. When asked at sentencing, however, Mims's counsel stated that he had been unable to obtain the state court records without a court order, and that Mims wanted to proceed with sentencing rather than ask for an adjournment to pursue the records. The district court adopted the PSR in its entirety and sentenced Mims to 71 months' imprisonment.

At the time of sentencing, Mims was in state custody; his parole for the state carjacking conviction had been revoked due to the federal felon-in-possession offense. The state court system had not yet determined Mims's sentence for the parole violation, however, and Mims requested that his federal sentence run concurrently with whatever sentence the state court would impose. The district court declined that request, concluding that Mims's federal sentence should run consecutively to the state sentence. Mims appealed.

## II.

*Criminal History Score*. Mims argues that the district court erred by including one point for a HYTA adjudication in his criminal history calculation. HYTA is a diversionary program that allows a Michigan court to assign some criminal defendants "the status of youthful trainee" if the

defendant "pleads guilty to" certain criminal offenses. Mich. Comp. Laws (MCL) § 762.11(2). Upon successful completion of the program, the court must "discharge the individual and dismiss the proceedings," *id.* § 762.14(1), and there is no "conviction for a crime," *id.* § 762.14(2). Despite the lack of a conviction, section 4A1.1(c) of the Sentencing Guidelines instructs federal district courts to add one point to a defendant's criminal history score for certain "prior sentence[s]," which include "diversionary disposition[s] . . . where there is a finding or admission of guilt in a judicial proceeding." U.S.S.G. § 4A1.1 cmt. 3. "[A] guilty plea under HYTA . . . constitutes a 'prior sentence'" for purposes of this Guideline. *United States v. Hill*, 769 F. App'x 352, 354 (6th Cir. 2019) (citing *United States v. Shor*, 549 F.3d 1075, 1076–78 (6th Cir. 2008)).

Mims claims that he never pleaded guilty under HYTA, so the Guideline does not apply. He says that the underlying criminal charge, for malicious use of a telecommunications device, was dismissed without a guilty plea. The district court disagreed. We review "a district court's factual findings concerning a defendant's criminal history category . . . under the clearly erroneous standard of review." *United States v. Adkins*, 729 F.3d 559, 569 (6th Cir. 2013) (citation omitted). We find no clear error.

The PSR explained that Mims had been sentenced to 30 days' custody before his case was dismissed under HYTA and that "HYTA convictions . . . require an admission [of] guilt." Two law enforcement databases also showed that Mims's misdemeanor charge had been dismissed following a HYTA designation, further indicating to the district court that "there had to have been a guilty plea." The district court did not err by relying on these sources. A sentencing court may "rely entirely on the PSR" unless the defendant "produce[s] *some evidence* that calls the reliability or correctness of the alleged facts into question." *Adkins*, 729 F.3d at 570 (citation omitted). A "bare denial" will not do. *Id.* Mims failed to provide any evidence during the sentencing hearing

to show that his case had been dismissed without a guilty plea. And Mims's counsel stated that Mims "want[ed] to go forward with sentencing" rather than pursue an adjournment and a court order to obtain the state court records.

Mims counters that he could not have received a HYTA designation because HYTA requires individuals in the program to be placed on probation "for not more than 2 years," MCL § 762.13(3), but there "was no room for a term of probation" in the roughly 40-day span between his initial arrest and the dismissal of his case. Mims is right about the probation requirement. But he fails to account for the 30 days he "served" in custody before his case was dismissed. Under Michigan law, a term of custody is an optional condition of probation. *See* MCL § 771.3(2)(a). The district court did not err by including one criminal history point for the HYTA adjudication.

*Consecutive Sentences*. Next, Mims argues that the district court's decision to run his sentence consecutively to his state court sentence was procedurally unreasonable. "When a defendant is serving an undischarged prior sentence, the district court may impose a consecutive or concurrent sentence." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (citing 18 U.S.C. § 3584). In making this determination, the district court must consider the § 3553(a) factors and the "relevant Guidelines recommendations and policy statements" in U.S.S.G. § 5G1.3. *Id.* Because Mims objected to the imposition of a consecutive sentence at sentencing, we review for abuse of discretion. *United States v. Simons*, 752 F. App'x 291, 296 (6th Cir. 2018) (citing *Berry*, 565 F.3d at 342).

Mims suggests that the district court misunderstood the law. As Mims casts the record, the district court declined to choose whether to run the federal sentence consecutively to the state sentence without understanding that the federal default rule is for the sentences to run consecutively. *See* 18 U.S.C. § 3584(a). And, having made that mistake, the district court further

failed to appreciate its duty to address the § 3553(a) factors with respect to the consecutive sentence. Mims is wrong on both fronts. The record reveals that, after a lengthy discussion with defense counsel, the district court made an affirmative election to impose a consecutive sentence. And the court was not obligated to reiterate the § 3553(a) factors when deciding whether to run Mims's sentence consecutively or concurrently with his undischarged state court sentence. Rather, all that is required is that the court "make[] *generally clear* the rationale under which it has imposed the consecutive sentence." *United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011) (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). Here, the district court did just that. The court considered the § 3553(a) factors when it sentenced Mims to 71 months' imprisonment. And it made its rationale for imposing the consecutive sentence "generally clear" by explaining that Mims had committed the federal crime while on parole for the state crime, thus offending the law of two separate sovereigns. *See Johnson*, 640 F.3d at 209. The court explained that when Mims was on parole for the Michigan offense, "he had a chance to stay under relative freedom, [but] chose to violate the law again so" he had a "heftier price to pay when you take into account both the federal and state sentences." The district court concluded that "under all the circumstances," a "consecutive sentence" was "just punishment." That was an adequate explanation, and we see no abuse of discretion.

* * *

We AFFIRM.